IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

August 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

(July 1998 Session)

| | | |
|---|---|---|
| JASON RAINS, CRYSTAL L. | ) | HAMILTON CIRCUIT |
| CARNEY and KATHY CARNEY, | ) | |
| | ) | NO. 03A01-9801-CV-00025 |
| Plaintiffs/Appellant | ) | |
| v. | ) | |
| | ) | HON. W. NEIL THOMAS, III |
| EDWIN SCOTT SUSSDORFF, III | ) | JUDGE |
| a/k/a/ ED SUSSDORFF, VICKI R. | ) | |
| SUSSDORFF, E. SCOTT | ) | |
| SUSSDORF and ALLSTATE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants/Appellees | ) | AFFIRMED |

Richard A. Schulman, Chattanooga, for Appellants Crystal and Kathy Carney.
Samuel R. Anderson, David L. Moss, Chattanooga, for Appellees.

## O P I N I O N

_____INMAN, Senior Judge

While riding as passengers in an automobile owned by defendant and driven by a close friend of defendant's son, the intervening plaintiff was seriously injured in a one-car accident when the driver apparently fell asleep at the wheel. The passenger intervened in the driver's petition and alleged that the vehicle had been driven with the express or implied permission of its owner and sought a declaratory judgment that his insurer was therefore liable for her injuries. The trial court found the driver did not have such permission and dismissed intervenor's petition, and she appeals.

We affirm the judgment of the trial court.

## I

Jason Scott Rains ["Jason"], the original plaintiff, age 20, is a neighbor and "best friend" of defendant Scott Sussdorff [ "Scott"] also 20, whose father, defendant Edwin Scott Sussdorff, III [ "Sussdorff"] owned a Pontiac Grand Am vehicle which he insured through defendant Allstate Insurance Company.

The policy of insurance provides that Allstate insured Sussdorff, any resident, and "any other person using [the auto] with the insured's permission."

In the late evening hours of May 5, 1995, with Sussdorff's express permission, Scott drove the Grand Am to David Johnson's house for a party and to spend the night. When Scott arrived he found Johnson's car parked first in the driveway and Jason's car behind Johnson's; Scott parked his father's car behind Jason's, and thereafter neither Johnson's car nor Jason's could be moved without first moving the Sussdorff car.

At 1:00 a.m. Jason agreed to drive plaintiff Crystal Carney, age 18, to meet her mother at the Holiday Inn where she was to attend a mother-daughter all night function. Johnson agreed to accompany them. When Jason could not find his car keys, he awakened Scott and obtained his permission to drive Sussdorff's car. During the trip an accident occurred which seriously injured all of the vehicle's occupants.

## II

Carney contends that Jason had Sussdorff's express or implied permission to use the vehicle and therefore is an additional insured under the Allstate policy.

No witnesses testified at the hearing; the parties submitted as evidence the depositions of Sussdorff, his wife, Scott, Jason, Johnson and Carney, along

with Allstate's policy of insurance and a stipulation that Jason was not on the business of the Sussdorffs when the accident occurred.

The trial court found that Jason did not have Sussdorff's permission to drive the Grand Am, and for that reason was not an additional insured under the Allstate policy. He dismissed the intervening petition.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

When a case is heard entirely upon depositions, the presumption of correctness of the factual findings of the trial judge does not apply with the same strictness as it does in cases heard orally where the trial judge has the opportunity to view and appraise the witnesses. *Hohenberg Bros. Co. v. Missouri Pacific R. R.,* 586 S.W.2d 117 (Tenn. App. 1979).

### III

Sussdorff testified that he had given Jason express permission to drive his Grand Am on two occasions prior to this accident. However, he also testified that he had given Scott and his other children a standing order that "You don't let anybody just - - just anybody drive your car." Scott testified that he knew he was never allowed to drive his father's Grand Am without express permission, nor did he think his friend Jason could drive the car without his father's permission. Jason, however, testified that he drove the Grand Am " . . . so many times that you couldn't count," with Scott's permission and without his father's knowledge.

The parties agree that Jason did not have Sussdorff's express permission to drive the Grand Am on the night of the accident but that he did have the express permission of Scott. Plaintiffs argue that Jason had Sussdorff's implied permission to drive the vehicle because of the course of conduct between Sussdorff and Jason.

We agree with the trial court that the evidence preponderates in favor of a finding that Jason did not have such permission.

Under Tennessee law, implied permission must be "the act or conduct of the named assured. It must amount to an intended selection of the person to operate the car. No implied permission can arise merely because a man obtained possession of the car without the knowledge of the named assured, regardless of what permission was given by other persons . . . the essential point is whether the named assured exercises his personal discretion and grants his own permission to the particular person." *Schultz v. Tennessee Farmers Mutual Ins. Co.,* 404 S.W.2d 480 (Tenn. 1966).

On the two occasions when Jason drove Sussdorff's Grand Am with Sussdorff's knowledge, the conditions were somewhat exigent. In one instance Jason's car was being repaired in the Sussdorff's driveway and the job was not finished when he had to go home, so Sussdorff authorized him to drive the car home. On the second occasion Jason requested to drive the Grand Am to take his mother and handicapped sister to lunch and back home.

Plaintiff contends that the circumstances on the night of the accident were again exigent and therefore Jason reasonably assumed that, had he called Mr. Sussdorff, permission *would have* been granted. Clearly, by his own testimony, Jason knew that a request for permission had always been required, yet he failed

4

to obtain such permission. We find no convincing evidence in the record that Sussdorff's course of conduct would have reasonably led Jason to believe he could drive Sussdorff's Grand Am under any circumstances without his express permission.

## IV

Plaintiff argues that she is entitled to recover because Jason was a second permittee, since he secured Scott's permission to drive his father's car. Indeed Scott testified that he had given Jason permission to drive his father's car [without his father's knowledge] on five to ten occasions. However, Scott also testified that he knew that his father did not permit anyone, even his own son, to drive the Grand Am without his express permission. Therefore Jason cannot be a covered second permittee under Tennessee law, which requires that second permittees must have permission from the named insured. *Schultz v. Tennessee Farmer's Mutual Ins. Co.,* 404 S.W.2d 480 (Tenn. 1966).

We find the evidence preponderates in favor of the trial court's finding that Jason Rains did not have the express or implied permission of Edwin Scott Sussdorff to drive his vehicle and therefore is not an additional insured under the Allstate policy.

The judgment of the trial court is affirmed with costs assessed to the appellants.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge